IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-288 Erie |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | ) Judge Sean J. McLaughlin |
| Defendant. | ) |

**MEMORANDUM OPINION**

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant's motion for summary judgment.

**I. BACKGROUND**

Plaintiff, Gary Harris, has been criminally convicted for income tax evasions on three separate occasions between 1995 and 2006. See United States v. Harris, No. 1:94-cr-353 (N.D.Oh. Dec. 14, 1995), *aff'd*, United States v. Harris, 1997 U.S. App. LEXIS 16402 (6th Cir. 1997); United States v. Harris, No. 1:96-cr-122 (N.D.Oh. July 7, 1998); United States v. Harris, No. 1:03-cr-264 (N.D.Oh. Aug. 2, 2004), *aff'd*, United States v. Harris, No. 04-3996 (6th Cir. 2006). In November, 1997, Harris signed a plea agreement with the Internal Revenue Service ("IRS") in connection with his criminal conviction for his tax liabilities for the years 1987-1990. (Stoduto Decl. ¶ 3; Gov. Ex. 101). In March, 1998, Harris signed an affidavit acknowledging that he had $100,000 in income tax liability for the years 1991-1996. (Stoduto Decl. ¶ 4; Gov. Ex. 102). Plaintiff's tax liabilities, as set forth in the plea agreement and affidavit, were assessed in 1998. (Stoduto Decl. ¶¶ 5-6; Gov. Ex. 103-104).

On September 20, 1999, a Magistrate Judge for the United States District Court for the Northern District of Ohio signed a search warrant for a bank vault belonging to Harris and located in Ashtabula, Ohio. Pursuant to the search warrant, the Criminal Division of the IRS found and

seized a large collection of firearms, coins, jewelry and art.  (Stoduto Decl. ¶ 14; Gov. Ex. 112). Harris brought suit against the United States seeking the return of the property, see Harris v. United States, No. 1:00-cv-1125 (N.D.Oh. Feb. 12, 2001), but the district court and the Sixth Circuit Court of Appeals each determined that Harris was not entitled to the property seized.  Id; see also Harris v. United States, 39 Fed. Appx. 123 (6th Cir. 2002).[1]

On January 4, 2000, a notice of federal tax lien was filed against Harris in Lake County, Ohio, as part of the IRS's efforts to collect Harris' tax liabilities. (Stoduto Decl. ¶ 7; Gov. Ex. 105). The notice indicated that Harris' tax liability was in excess of $580,000 and notified him of his right to a hearing under Internal Revenue Code § 6320.  (Id; Stoduto Decl. ¶ 8; Gov Ex. 106).  Harris exercised his right to a due process hearing in 2000 and, subsequently, the IRS Appeals Office sustained the notice of federal tax lien.  (Yurick Decl. ¶¶ 5-8).

On or about February 2, 2005, the IRS filed four notices of federal tax lien against property titled in the names of nominees and alter egos of Harris and notified Harris of the action.  (Stoduto Decl. ¶ 9; Gov. Ex. 107).  The IRS notification included a "Form 12153" which bore the title "Request for a Collection Due Process Hearing" and stated that such a request must be made by March 4, 2005.  Harris executed and returned Form 12153 on March 3, 2005.  However, on June 9, 2005, the IRS Appeals Office sent Harris a notice that it had received his request for a CDP Hearing but that the request was untimely.  The notice further stated that Harris would be provided with an equivalency hearing instead.  (Stoduto Decl. ¶ 12; Gov. Ex. 109).  On September 6, 2005, the IRS Appeals Office reviewed Harris' file and informed him that he did not have the right to a CDP Hearing relative to the 2005 notice of federal tax liens.  The rationale provided by the IRS Appeals Office was that the thirty day period in which Harris could request a CDP hearing had expired on February 7, 2000, 30 days after the first notice of federal tax lien that included the relevant tax periods at issue in the 2005 notice had been filed.  In the instant case, the IRS has supplied uncontradicted affidavits which establish that Form 12153 was forwarded to Harris in error and that Harris did not have a right to a CDP Hearing in 2005.  (Yurick Decl. ¶ 12; Studuto Decl. ¶ 11; Gov.

---

[1] Harris's Amended Complaint initially contained an illegal search and seizure claim based upon the same conduct at issue in the 2001 lawsuit. However, on the basis of the Sixth Circuit's opinion in that case, see Harris v. United States, 39 Fed. Appx. 123, Harris withdrew that claim in his Brief in Opposition.

Ex. 110).

On March 21, 2005, the Small Business/Self-Employed (SB/SE) Division of the IRS served a levy upon the Criminal Division of the IRS seeking the items seized pursuant to the 1999 search warrant. The SB/SE Division notified Harris of the seizure and levy and of its intention to sell the property to satisfy Harris' tax liability. (Stoduto Decl. ¶ 15; Gov. Ex. 113). Harris filed a motion in the United States District Court of the Northern District of Ohio to try to halt the sale of his assets by the SB/SE Division, but the motion was denied. United States v. Harris, No. 1:96-cr-122 (N.D. Oh. 1996) (See motion filed August 8, 2005). The assets were eventually sold and the funds applied to Harris' outstanding tax liabilities.

On December 6, 2006, Harris filed the instant action pursuant to 26 U.S.C. § 7433 seeking damages based upon the allegedly illegal and improper seizure and sale of his assets by the IRS. On April 28, 2008, the IRS moved for summary judgment. This matter is ripe for review.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In order to withstand a motion for summary judgment, the non-moving party must "make a showing sufficient to establish the existence of [each] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In evaluating whether the non-moving party has established each necessary element, the Court must grant all reasonable inferences from the evidence to the non-moving party. Knabe v. Boury Corp., 114 F.3d 407, 410, n.4 (3d Cir. 1997) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. (quoting Matsushita, 475 U.S. at 587).

## III. DISCUSSION

Harris claims that he is entitled to damages pursuant to 26 U.S.C. § 7433 as a result of the

3

allegedly illegal and improper sale of property seized by the IRS in connection with his convictions for tax evasion. Specifically, he contends that, had the IRS provided him a due process hearing in connection with the sale of his property, he could have established that the value of the property was much greater than the sale price. The IRS counters that this Court lacks jurisdiction to hear Harris' claim because Harris has failed to exhaust his administrative remedies.

It is axiomatic that a sovereign cannot be sued without its consent. See, e.g., Block v. North Dakota, 461 U.S. 273 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). Thus, the existence of a Congressional waiver of sovereign immunity is a prerequisite for jurisdiction in the district court. Id. The statute under which Harris seeks relief, 26 U.S.C. § 7433, provides a limited waiver of sovereign immunity for claims arising from the collection of taxes when any officer or employer recklessly or intentionally, or by reason of negligence, disregards any provision of the Internal Revenue Code. Section 7433(d) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." It is well-established that "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly construed, and exceptions thereto are not to be lightly implied." Block v. North Dakota, 461 U.S. 273, 287 (1983). Accordingly, a "[f]ailure to exhaust [claims under § 7433] deprives the court of jurisdiction." See Venen v. United States, 38 F.3d 100, 103 (3rd Cir. 1994) (citing Information Resources, Inc. v. United States, 950 F.2d 1122 (5th Cir. 1992)).[2]

The pertinent requirements for administrative exhaustion under § 7433 are set forth in Treasury Regulation § 301.7433-1. A potential litigant must first file an administrative claim for unauthorized collections actions with the IRS "in writing to the district director . . . in the district in which the taxpayer currently resides." Venen, 38 F.3d at 103 (citing Treas. Reg. § 301.7433-1).

---

[2] Courts have disagreed as to whether the failure to exhaust administrative remedies under § 7433 should be treated as a jurisdictional issue or as a failure to state a claim. See Pollinger v. United States, 539 F.Supp.2d 242, 257 (D.D.C. 2008) (noting the conflict and concluding that a failure to exhaust under § 7433 was not jurisdictional). As the Third Circuit has treated the issue as jurisdictional, I will do the same. See Venen, 38 F.3d at 103.

4

The claim "must include identifying information, the grounds for the claim, a description of injuries, and the amount of the claim." Id. The failure to strictly comply with any of these requirements "deprives a court of jurisdiction even though the IRS has received actual notice of the claim and never informs the taxpayer of the proper procedures." Id. (citing Amwest Surety Ins. Co. v. United States, 28 F.3d 690, (7th Cir. 1994)).

In Venen, the plaintiff, a taxpayer convicted of tax evasion, sought relief under 26 U.S.C. § 7433 for allegedly unauthorized tax collections actions by the IRS. Id. at101. Venen had already entered into an agreement with the IRS to pay back his tax liability in installments when the IRS issued several Notices of Levy to collect taxes. Venen contacted an IRS agent and objected to the notices, pointing out that he had complied with the installment agreement. Id. at 102. Following "numerous negotiations," the IRS agent informed Venen that no further administrative remedies were available. Venen's attorney sent a letter to the agent to confirm that Venen's administrative remedies had been exhausted and that the only remaining avenue for Venen to pursue would be to file a civil suit. The letter asked the agent to respond only if that understanding was incorrect, and the agent never responded. Id. Shortly after, Venen filed suit.

The IRS moved for summary judgment, arguing that Venen had not properly exhausted his administrative remedies as required by § 7433 because he had not filed an administrative claim with the district director which specified the grounds for relief. Venen countered that the letter his attorney sent to the IRS agent satisfied the exhaustion requirement because it put the IRS on notice of his claims and because the agent incorrectly represented that his administrative remedies had already been exhausted. The Third Circuit disagreed:

> Venen failed to comply with the regulations under sections 7432 and 7433. He argues that the letter to Agent Gregorakis explaining that he understands he has exhausted his administrative remedies satisfies the regulations. Venen's letter is inadequate to trigger administrative review both because it is addressed to a revenue agent and not to the district director, see Amwest, 28 F.3d at 696, and because it does not specify the grounds for relief, see Tres. Reg. §§ 301.7432-1(f) and 301.7433-1(e). Agent Gregorakis' alleged failure to respond to the letter does not excuse Venen. As the Seventh Circuit held, a failure to petition the IRS correctly is a failure to exhaust even if the IRS does not inform a taxpayer of proper procedures. Amwest, 28 F.3d at 696.

Venen, 38 F.3d at 103.

5

In Amwest, the plaintiff filed a wrongful levy action under another provision in the Internal Revenue Code, 26 U.S.C. § 7426, seeking the return of property that the government allegedly seized improperly. Amwest, 28 F.3d at 693-94. According to that statute and the supporting regulations, such actions must be filed within nine months of the allegedly wrongful levy. 26 C.F.R. § 301.6532. Plaintiff's action was filed outside of the relevant limitations period. However, the regulations provided for an extension of the limitations period where a "written request" was "addressed to the district director (marked for the attention of the chief, special procedures staff) for the internal revenue district in which the levy was made." 26 C.F.R. § 301.6343-1(b)(2). Plaintiff acknowledged that he had not addressed a written request to the district director, but argued that the two letters he had sent to the IRS agent in charge of his case served to extend the limitations period and put the IRS on notice of his claims. Indeed, the government acknowledged receiving the letters and that it never sent plaintiff a letter to inform him that the letters were insufficient to trigger an extension of the limitations period. Id. at 695.

The Seventh Circuit construed the requirements for exhaustion strictly and, accordingly, ruled that plaintiff's letters were insufficient to prolong the limitations period:

> [I]t is painfully apparent that the letters to Agent Stanton did not comply with the requirement of § 301.6343-1(b)(2). Agent Stanton is the revenue officer listed on the notice of levy sent to both Peoples Bank and Amwest. He is not the district director for the district in which the levy was made. Yet it would seem reasonable to the average person that any inquiries regarding the return of seized property should be sent to the revenue agent assigned to the case – especially when the notice of levy itself encourages the third party to contact that agent. And when that agent, after acknowledging the complaint, does not bother to tell the third party that he would be better off looking at the relevant regulations and directing his inquires to someone else, the less-informed would be easily lulled into letting the limitations period lapse. Nevertheless, the regulations required that such inquiries be sent to the district director. Harsh as it may seem, Amwest's letters were not sent to the proper party and consequently did not consititute a "written request for the return of property" pursuant to § 6532(c)(2).

Amwest, 28 F.3d at 696. The Court acknowledged "the harshness of this rule," but noted that it lacked the discretion to construe the regulation in a liberal manner because "to do so would go

6

against our previous statement that the terms and conditions of the government's waiver of sovereign immunity must be *strictly* construed." Id. at 697 (citing Block, 461 U.S. at 287) (emphasis in original).

Here, it is undisputed that Harris failed to file an administrative claim for damages setting forth "identifying information, the grounds for the claim, a description of injuries, and the amount of the claim . . . in writing to the district director . . . in the district in which the taxpayer currently resides," as required by the regulations. 26 C.F.R. §301.7433-1(e). Rather, Harris contends that his March 3, 2005 request for a CDP hearing should be deemed equivalent to an administrative claim for damages and that his technical non-compliance with the statute should be excused. (Plaintiff's Brief in Opposition, p. 4). Venen clearly holds, however, that " a failure to petition the IRS *correctly* is a failure to exhaust even if the IRS does not inform a taxpayer of proper procedures." Venen, 38 F.3d at 103 (emphasis added); See also, e.g., Amwest, 28 F.3d at 696; Chocallo v. Internal Revenue Service, 2007 WL 2071880 (E.D. Pa. 2007) (holding that plaintiff's letters to the IRS did not satisfy the regulations because there were addressed to a revenue officer and did not allege any unauthorized collection activities); Holt v. Davidson, 441 F.Supp.2d 92, 95-96 (D.D.C. 2006) (dismissing action for failure to exhaust administrative remedies because plaintiff failed to file the appropriate written administrative claim for damages)(citing Venen).

Harris argues, in essence, that his noncompliance with the exhaustion requirements should be excused because the IRS misled him by erroneously sending him a letter indicating that he had the right to a CDP hearing. Harris' position appears to be that, by mistakenly offering him the right to apply for a CDP hearing, the IRS created a right to such a hearing, thereby establishing an alternative mechanism for exhausting his administrative remedies notwithstanding the requirements of 26 C.F.R. §301.7433-1(e). Harris cited no authority to support such a proposition, and it is flatly inconsistent with the authority cited above. While Harris does not specifically invoke the doctrine of estoppel, it would not apply here, in any event. Harris has failed to provide any evidence that he detrimentally relied on the government's offer of a CDP hearing ( i.e., that he failed to properly

exhaust his administrative claims because of the mistaken proffer of a CDP hearing), or that the government's actions constituted affirmative misconduct.[3] As such, I find that I lack jurisdiction to entertain the claims raised by Plaintiff in this case.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is GRANTED.

---

[3] In order to satisfy the traditional elements of equitable estoppel, a litigant must demonstrate: "(1) a misrepresentation by another party; (2) which he reasonably relied upon; (3) to his detriment." Monongahela Valley Hosp., Inc. v. Sullivan, 945 F.2d 576, 589 (3rd Cir. 1991). When estoppel is asserted against the government, a fourth element must be proven, namely, "affirmative misconduct" on the part of the governmental actor. Id. (citing Heckler v. Community Health Services of Crawford County, Inc., 467 U.S. 51 (1984)); see also United States v. St. John's General Hospital, 875 F.2d 1064, 1069 (3rd Cir.1989) (noting the four elements that must be established before equitable estoppel will run against the government).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY HARRIS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-288 Erie |
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, | ) | Judge Sean J. McLaughlin |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 30th day of March, 2009, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff. This matter is dismissed.

/s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record. ___