**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARY HARRIS,                              )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        Civil Action No. 06-288 Erie
                                          )
UNITED STATES OF AMERICA,                 )
DEPARTMENT OF THE TREASURY,               )
INTERNAL REVENUE SERVICE,                 )
                                          )
            Defendant.                    )

## MEMORANDUM OPINION AND ORDER

McLaughlin, Sean J., District J.


       This matter is before the Court upon Plaintiff's Motion for Relief from Judgment

or Order Under Federal Rules of Civil Procedure Rule 60(b).  For the reasons which

follow, the motion is denied.


## I.   BACKGROUND

       On December 6, 2006, Plaintiff Gary Harris ("Harris") filed an action pursuant to 26

U.S.C. § 7433 against the Internal Revenue Service ("the IRS") seeking damages based

upon the allegedly illegal and improper seizure and sale of his assets by the IRS. In his

suit, Harris, a convicted tax evader,[1] alleged that the IRS had failed to provide him with a

due process hearing in connection with the sale of his property, depriving him of the

_____

       [1]      Plaintiff was convicted for income tax evasion on three separate
               occasions between 1995 and 2006.  See United States v. Harris, No.
               1:94-cr-353 (N.D.Oh. Dec. 14, 1995), aff'd, United States v. Harris, 1997
               U.S. App. LEXIS 16402 (6th Cir. 1997); United States v. Harris, No. 1:96-
               cr-122 (N.D.Oh. July 7, 1998); United States v. Harris, No. 1:03-cr-264
               (N.D.Oh. Aug. 2, 2004), aff'd, United States v. Harris, No. 04-3996 (6th Cir.
               2006).

opportunity to demonstrate that the value of his property exceeded that of the sale price. The IRS moved for summary judgment, arguing that Harris had failed to exhaust his administrative remedies and, therefore, this Court lacked jurisdiction to consider Harris' claims.  Harris, represented by Attorney Arthur L. Gutkin, filed a response in opposition to the motion for summary judgment.  On March 30, 2009, this Court granted summary judgment in favor of the IRS and dismissed Harris' action based upon his failure to exhaust administrative remedies.  (See Docket No. 38).

In a case such as this where the United States or its officers or agencies are parties to a lawsuit, a notice of appeal must be filed within 60 days after entry of the judgment or order which is the subject of the appeal.  *See* Fed. R. App. P. 4(a)(1)(B). Thus, the time for Harris to appeal the March 30, 2009 Memorandum Opinion would have expired on May 30, 2009.  Harris failed, however, to file a notice of appeal within the 60 day time period. The filing of a notice of appeal in a timely manner is a mandatory prerequisite for establishing appellate jurisdiction.  *Bowles v. Russell*, — U.S. —, — ,127 S. Ct. 2360, 2363-64 (2007); *Poole v. Family Court of New Castle County*, 368 F.3d 263, 264 (3d Cir. 2004).

On December 14, 2009, Harris filed the instant "Motion for Relief from Judgment or Order Under Federal Rules of Civil Procedure Rule 60(b)."  (Docket No. 43).  Rule 60(b) states, in part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; ... (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  In his Rule 60(b) motion, Harris contends that he never received notice of this Court's March 30, 2009 Memorandum Opinion and Order dismissing his case.  Notice of the March 30, 2009 Order was placed on the Court's electronic filing system and delivered to Attorney Gutkin on that date, and Attorney Gutkin has filed an affidavit indicating that he attempted to mail a copy of the March 30, 2009 Order to Harris's last known address, a correctional facility in Elkton, Ohio. (See Gutkin Declaration, ¶ 2-4). Nonetheless, Harris asserts that he was never informed that his case had been dismissed,

depriving him of the opportunity to file a motion for a new trial pursuant to Rule 59(b) or to perfect a timely appeal.  Harris requests that the Court relieve him of the effect of the March 30, 2009 memorandum order by reinstating his appellate rights.

## II.  ANALYSIS

Prior to the amendment of Federal Rule of Appellate Procedure 4(a) in 1991, some courts relied upon Rule 60(b) as a basis for reinstating appellate rights.  *See Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 360 (8th Cir, 1994) (collecting cases). As this Court recently observed in *Baker v. United States*, however:

> The consensus view among federal courts . . . is that Fed. R. App. P. 4(a)(6) now provides the exclusive remedy where a party's time to appeal a ruling has lapsed due to lack of notice. *See  Poole v. Family Court of New Castle County*, 368 F.3d 263, 266 (3d Cir. 2004) ("In a civil case ... the only way in which a party may obtain relief based on a clerk's failure to serve notice of the entry of a judgment or order is via Appellate Rule 4(a)."). *Accord Baughman v. Ward*, 178 Fed. Appx. 810, 812-13, 2006 WL 1124032 at *2 (10th Cir. April 28, 2006) (Fed. R. App. P. 4(a)(6) effectively removed the courts' authority to use Fed. R. Civ. P. 60(b) as a means to reopen the time for appeal);*Vencor Hospitals, Inc. v. Standard Life and Accident Ins. Co.*, 279 F.3d 1306, 1311 (11th Cir. 2002) ("Rule 4(a)(6) provides the exclusive method of extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered" and "Federal Rule of Civil Procedure 60(b) cannot be used to circumvent the 180-day limitation set forth in Rule 4(a)(6)."); *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) ("We also agree the specificity of Rules 4(a)(6) and 77(d) 'precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.'") (citation omitted); *In re Stein*, 197 F.3d 421, 425 (9th Cir. 1999) (noting that the plain language of Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) preclude the use of Fed. R. Civ. P. 60(b)(1) and (6) to cure problems of lack of notice); *Zimmer St. Louis, Inc.*, 32 F.3d at 360-61 ("It is our view that [Appellate Rule 4(a)(6)] was designed to respond to the circumstances that had prompted courts to use Fed. R. Civ. P. 60(b)(6) to circumvent the deadlines specified by Fed. R. App. P. 4(a)(5).  Other courts and commentators have so concluded as well.") (citing authority); *Lewis v. Blaine*, 2005 WL 3536075, *4 (D.N.J. Dec. 21, 2005) (noting that "[v]irtually every circuit" that has addressed whether "a litigant ... can use a motion under Fed. R. Civ. P. 60(b) motion to circumvent the time limit to appeal placed on parties under Fed. R. App. P. 4(a)(6) ...has deemed this practice impermissible") (citing authorities).

*Baker*, 534 F.Supp.2d 578, 583-84 (W.D. Pa. 2008).  As such, Harris's attempt to restore his appellate rights is not cognizable under Rule 60(b).  Instead, the Court will consider whether Harris is entitled to relief under Fed. R. App. P. 4(a)(6).

Rule 4(a)(6) provides "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order ... is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal."  Fed. R. App. P. 4 advisory committee's note to 1991 Amendment.  Specifically, Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Of these three necessary conditions, Harris appears to meets two.  As previously discussed, Harris represents that he did not receive notification of the March 30, 2009 Memorandum Opinion until well after the 21-day period required by subsection (A).  I will assume that to be the case for present purposes.  The IRS does not argue that they would be prejudiced by a reopening of the appeal period.  However, subsection (B) requires that Harris' motion to reopen the appeal period be filed within 180 days after the contested judgment/order is entered or within 7 days after he received formal notice of it, *whichever is earlier*.  Because the contested Memorandum Order was entered on March 30, 2009, Harris had 180 days – or until approximately September 30, 2009 – in which to file a motion to reopen the time for appeal.   Harris failed to file any motion for relief within this time period.  Because Harris did not satisfy the mandatory requirement of subsection (B), he cannot rely on Rule 4(a)(6) for relief.

Other federal courts of appeals have applied the rule in this manner even in cases

where the aggrieved party never received notice of the subject order within the 180-day period.  *See, e.g., Vencor Hospitals*, 279 F.3d at 1309-10 (plaintiff hospital was foreclosed under Fed. R. App. P. 4(a)(6) from reopening the time for appeal from district court's order despite the fact that hospital never received actual notice of the order until almost one year after it had been entered; "plain meaning" of Rule 4(a)(6) is that district courts are authorized to reopen the time for filing an appeal based on lack of notice solely within 180 days of the judgment or order); *Clark*, 204 F.3d at 1039-40 (denying relief where pro se prisoner did not receive actual notice of adverse ruling until more than seven months after ruling was entered; noting that "[t]he 180-day limitation which governs this case is specific and unequivocal."); *Zimmer St. Louis,* 32 F.3d at 361 (aggrieved party could not obtain relief under Fed. R. App. P. 4(a)(6) despite the fact that it did not receive notice of adverse order until 199 days after its entry; "district courts no longer have the discretion to grant motions to reopen the period for appeal that are filed outside that specific [180-day] period, even if the appellant does not receive notice until that period has expired").  Moreover, the requirements of Rule 4(a)(6) govern even in cases like this one where the aggrieved party is proceeding *pro se*.  *See Clark*, 204 F.3d at 1041 ("The essence of Rule 4(a)(6) is finality of judgment.  While application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases.").

### III.  CONCLUSION

For the reasons stated herein, Harris' request for reinstatement of his appellate right is not cognizable under Rule 60(b) and is precluded by Fed. R. App. P. 4(a)(6).  As such, Harris' motion is denied.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GARY HARRIS,                 )

        Plaintiff,       )

      v.               )       Civil Action No. 06-288 Erie

UNITED STATES OF AMERICA,   )
DEPARTMENT OF THE TREASURY,  )
INTERNAL REVENUE SERVICE,    )

        Defendant.     )

## <u>ORDER</u>

AND NOW, this 21st day of April, 2010, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment or Order Under Federal Rules of Civil Procedure Rule 60(b) is DENIED.

                        /s/ Sean J. McLaughlin
                        United States District Judge

cm: All parties of record. ___